UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ELVIS W. VOLNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 14-3166-CV-S-BCW-P |
| vs. ) | |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is confined at the Crossroads Correctional Center in Cameron, Missouri, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2010 convictions and sentences for first degree murder, first degree robbery, and armed criminal action, which were entered in the Circuit Court of Douglas County, Missouri. Petitioner's conviction was affirmed on appeal to the Missouri Court of Appeals, Southern District, in *State v. Elvis Volner*, No. SD30747 (Mo. Ct. App. Dec. 9, 2011). Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was denied, Respondent's Exhibit H, pp. 5-8, and the appeal from the denial thereof was dismissed before it was briefed. Doc. No. 17. Petitioner raises two grounds for relief: (1) the trial court abused its discretion in admitting into evidence two color autopsy photographs; and (2) post-conviction counsel was constitutionally inadequate and ineffective because he did not present every issue petitioner raised in his pro se Rule 29.15 motion and because he abandoned petitioner on appeal from the denial of post-conviction relief.

**FACTUAL BACKGROUND**

In affirming the judgment of conviction and sentence of the Circuit Court of Douglas County, Missouri, the Missouri Court of Appeals, Southern District, set forth the following facts:

[Petitioner], along with his brother Benny, his cousin Dennis, and Dennis's wife, Julia, convened at his apartment on February 9, 2008, and planned an attack on Dustin Skaggs ("Victim"). [Petitioner] believed that Victim had been sleeping with Benny's wife. The group decided to scout bodies of water in order to get rid of Victim's car. The group first went to Noblett Lake, but determined that they could not get a car far enough into the water without being seen. The group then drove to Dennis and Julia's house in Hartville so that Julia could shower and change clothes. While in the yard of the home, [petitioner] discovered a lead pipe that he planned to use against Victim. At that point, Dennis asked Benny if he was going to kill Victim, to which Benny replied, "No, [petitioner] is." [Petitioner] nodded his head affirmatively and smiled in response to Benny's statement.

The foursome then headed to a rock quarry in Lebanon in order to determine if it would be an acceptable site to dump Victim's vehicle. When they arrived Benny kicked off the clips of the barbed wire fence surrounding the quarry so that the strands of the fence were pliable. Benny determined that the quarry would be a good site because it was deep enough to sink a car to the bottom and [petitioner] stated that the body would not come back up.

That night the group spent time at a nightclub in West Plains until approximately 1:30 a.m., after which they ate an early breakfast at a truck-stop. They then drove their Jeep to Old Highway 5 and parked on the roadside with the hood popped up. They knew that the Victim would eventually pass them on the way to his early-morning shift at a nursing home in Mountain Grove. Not long after the Jeep was parked, Victim drove toward the ambush. As Victim drove up, Julia flagged him down with a flashlight and pretended to have car trouble, while Dennis and Benny crouched in the backseat of the Jeep and [petitioner] hid in a nearby ditch.

When Victim pulled up and opened his hood, thinking he would help Julia jumpstart her car, [petitioner] ran out and struck Victim in the head with the lead pipe he had acquired earlier. Victim started running back across the highway in an attempt to get away. [Petitioner] continued swinging the pipe at Victim as they made their way across the highway and Victim eventually fell into a ditch. [Petitioner] continued to beat Victim after he fell to the ground. Benny and Dennis eventually helped load Victim's body into the trunk of victim's car. They then took both vehicles to the rock quarry they found earlier, where they drove Victim's car into the water-filled quarry with his body still in the trunk.

Respondent's Exhibit E, pp. 3-4.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND ONE

In Ground One, petitioner claims that the trial court abused its discretion in admitting into evidence two color autopsy photographs (State's Exhibits 34 and 35). Doc. No. 1, p. 3. In reviewing this claim on direct appeal, the state appellate court found it to be without merit:

> In his sole point relied on, [petitioner] argues that the trial court abused its discretion in admitting the autopsy photos of the Victim's body because "the photographs were so inflammatory as to interfere with the jury's rational thought process in deciding [petitioner's] criminal responsibility for the crime." [Petitioner] therefore claims that he was prejudiced by the admission of the photographs and deprived of his right to a fair trial.
>
> "A trial court has broad discretion in deciding whether to admit or exclude evidence, and its ruling will not be disturbed on appeal absent a clear showing of abuse of discretion." *State v. Smith*, 330 S.W.3d 548, 553 (Mo. App. S.D. 2010). A decision to admit evidence constitutes an abuse of discretion when the decision is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful consideration." *Id*. Inflammatory photographs – i.e., ones that tend to arouse anger, hostility, or passion –

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

> should not be excluded if they are otherwise relevant. *State v. Johnson*, 244 S.W. 3d 144, 161 (Mo. banc 2008); *State v. Mort*, 321 S.W. 3d 471, 482 (Mo. App. S.D. 2010). If photographs are gruesome, it is usually because the crime itself was gruesome. *Johnson*, 244 S.W. 3d at 161. Generally, gruesome photographs are admissible if they: (1) show the nature and location of the victim's wounds; (2) enable the jurors to better understand the testimony at trial; and (3) aid in establishing an element of the State's case. *Id.* at 161-162. As long as a photograph is used for a proper purpose, it in not necessary to exclude it as inflammatory or because other evidence described what is shown. *State v. Hill*, 250 S.W. 3d 855, 858 (Mo. App. S.D. 2008).
>
> Here, the disputed photographs were relevant to show the jury the extent of Victim's head injuries and to corroborate and provide context for the medical examiner's testimony. Each photograph was individually addressed by a testifying witness to explain the nature and extent of Victim's injuries. The medical examiner who conducted the autopsy, for example, used the photographs to demonstrate that Victim was killed by blunt force trauma to the head which left multiple and severe head wounds including skull fractures and a subarachnoid hemorrhage in the brain. Because of the photographs' relevance, the trial court did not abuse its discretion in admitting them. [Petitioner] has not shown that the trial court's ruling was clearly against the logic of the circumstances and so unreasonable as to show a lack of careful consideration. The point is denied.

Respondent's Exhibit E, pp. 4-5.

"Admissibility of evidence is a matter of state law and usually does not form the basis for habeas corpus relief." *Hulsey v. Sargent*, 821 F.2d 469, 472 (8th Cir.), *cert. denied*, 484 U.S. 930 (1987). In order to merit habeas relief, trial court error in admitting certain evidence "must be so great that it infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Id. The Eighth Circuit has held that the admission of autopsy photographs, where they are used for such purposes as identifying the victim and demonstrating the nature of the wounds involved and the degree of the crime committed, does not constitute a violation of due process. *See Hatley v. Lockhart*, 990 F.2d 1070, 1072 (8th Cir. 1993). *See also Kuntzelman v. Black*, 774 F. 2d 291, 292 (8th Cir. 1985) (admission of photos depicting victim and his organs at various stages of autopsy not

4

constitutional error), *cert. denied*, 475 U.S. 1088(1986); *Walle v. Sigler*, 456 F.2d 1153, 1155 (8th Cir. 1972) ("Admittedly, the condition of the uncleansed corpse, as depicted by the photographs, is gruesome. However, it must be noted that this condition is an inherent and inseparable part of the crime with which this defendant was charged.").

This Court finds that admission of the photographs in petitioner's case did not unconstitutionally infringe on his right to due process. After the trial court carefully considered petitioner's objections to the photographs at issue, he excluded two photographs (State's Exhibits 21 and 31) and overruled petitioner's motion in limine as to the other photographs in order to describe the nature and extent of the victim's injuries and to assist the jury in understanding the medical examiner's testimony about the cause of death. Respondent's Exhibit B, pp. 98-100, 111. Petitioner has failed to demonstrate with clear and convincing evidence that the Missouri Court of Appeals' denial of his claim of trial court error was based on an unreasonable determination of the facts in light of the evidence presented in the state courts or was contrary to or was based on an unreasonable application of clearly established federal constitutional law. See 28 U.S.C. 2254(d)(1) and (2). Ground One will be denied.

## GROUND TWO

In Ground Two, petitioner contends that his post-conviction counsel was constitutionally ineffective for failing to present every issue in the amended Rule 29.15 motion that petitioner had presented in his original *pro se* Rule 29.15 motion and for abandoning petitioner on appeal from denial of post-conviction relief. Doc. No. 1, pp. 3, 11. Originally, petitioner raised seven grounds for relief in his *pro se* Rule 29.15 motion, stating "gruesome photo's [sic], continusly [sic] liying [sic] from witness [sic], lost evidence and tampering with evidence, prosucution [sic] leading wittness [sic] on, lack of credible wittness [sic], shackled to bench while picking the jury, and cops didnt [sic] do full investigation. Respondent's Exhibit G, p. 3.

5

In the amended Rule 29.15 motion filed by Assistant Missouri Public Defender Arthur Allen, petitioner raised the following two grounds for relief: (1) trial counsel was ineffective for failing to advise and recommend that petitioner testify on his own behalf that he was not an active participant in the planning and execution of the murder and for failing to call him to testify to such at trial; and (2) trial counsel was ineffective for failing to call petitioner's mother, Tina Miller, to testify in contradiction of the testimony of Danna Grogan that petitioner had threatened her if she did not testify that petitioner was at the house at the time of the murder. Id. at 9. Both of the grounds post-conviction counsel raised in the Rule 29.15 motion were denied as without merit in that "the decisions of trial counsel were matters of trial strategy and were objectively and reasonably made." Respondent's Exhibit G, pp. 14-16.

Clearly, Rule 29.15 trial counsel did not abandon petitioner because he filed a timely amended Rule 29.15 motion, which was denied by the state motion court. Rather, the state court record shows that another state public defender failed to perfect the appeal from denial of post-conviction relief. According to the October 15, 2013, Order of the Missouri Court of Appeals, Southern District, Rule 29.15 appeal counsel, Shaun J. Mackelprang, "failed to take further steps to secure appellate review within the period of time allowed and that good cause has not been shown why this appeal should not be dismissed." A November 20, 2013, correspondence from the state appellate court clarifies that the record on appeal was due 90 days from the date the Notice of Appeal was filed. Respondent's Exhibit F, pp. 11, 15.

If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Christenson v. Ault*, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-

conviction counsel.") (citation omitted). Although the United States Supreme Court recognized in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that ineffective assistance of post-conviction trial counsel could constitute cause for the failure to raise a claim of ineffectiveness of trial counsel in a post-conviction motion, the original grounds raised by petitioner that post-conviction counsel failed to raise in the amended Rule 29.15 motion did not include any claim of ineffective assistance of trial counsel.

Because none of petitioner's original *pro se* Rule 29.15 motion grounds included ineffective assistance of trial counsel and because petitioner does not seek to excuse the procedural default of one of his federal habeas claims, *Martinez* does not apply to any of his present grounds for relief. Moreover, petitioner was not abandoned by his Rule 29.15 counsel because counsel filed an amended petition in a timely manner, which was denied by the state Rule 29.15 motion court. *See* Respondent's Exhibit G, pp. 13-16. The fact that Rule 29.15 counsel did not raise all of the grounds in the amended Rule 29.15 motion that petitioner previously had raised in his *pro se* Rule 29.15 motion does not make the Rule 29.15 motion a "nullity" or demonstrate ineffectiveness of post-conviction trial counsel. *See Jones v. Barnes*, 463 U.S. 751-52 (1983) (noting that effective appellate advocates "winnow out weaker arguments on appeal focusing on one central issue if possible, or at most a few key issues").

Finally, the fact that Rule 29.15 **appeal** counsel failed to perfect the appeal from denial thereof does not constitute legally sufficient cause permitting a claim to be raised in federal court. *Coleman v. Thompson*, 501 U.S. 722, 752-57 (1990); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Ground 2 will be denied.

## **A CERTIFICATE OF APPEALABILITY WILL BE DENIED**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the

7

Case 6:14-cv-03166-BCW   Document 18   Filed 09/23/14   Page 7 of 8

constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

        /s/ Brian C. Wimes_____
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: September 23, 2014.